UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

RAH COLOR TECHNOLOGIES LLC,

Plaintiff,

vs.

XEROX CORPORATION,

Defendant.

**ANSWER TO FIRST AMENDED COMPLAINT**

**Civil Case No.: 1:17-CV-06813**

Xerox Corporation ("Xerox"), by its attorneys, for its answer to plaintiff's first amended complaint, states that it:

**AS TO "THE PARTIES"**

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 1.

2. Admits the allegations in paragraph 2.

3. Denies the allegations in paragraph 3, except admits that Xerox is a document technology company providing document management and workflow solutions to public and private customers throughout the United States and internationally.

**AS TO "JURISDICTION AND VENUE"**

4. The allegations in paragraphs 4, 5, 6, and 10 state legal conclusions to which no response is required. To the extent a response is required, Xerox denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4, 5, 6, and 10.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7, except admits only that Xerox has transacted business in Illinois from time to time.

6. The allegations in paragraph 8 state legal conclusions to which no response is required. To the extent a response is required, Xerox denies that any of its products are infringing products, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8.

7. The allegations in paragraphs 9 state legal conclusions to which no response is required. To the extent a response is required, Xerox denies the allegations, except admits that it operates a product sales demonstration location at 123 N. Wacker Drive, Chicago, Illinois 60606.

8. The allegations in paragraphs 11 state legal conclusions to which no response is required. To the extent a response is required, Xerox denies that it has committed acts of infringement, and denies knowledge or information as to the truth of the remaining allegations.

**AS TO "BACKGROUND FACTS REGARDING RAH COLOR TECHNOLOGIES"**

9. Denies knowledge or information sufficient to from a belief as to the truth of the allegations in paragraphs 12, 13, 14, 15, 16, 17, 18, 19, and 20.

**AS TO "BACKGROUND FACTS REGARDING THE RAH COLOR TECHNOLOGIES PATENT PORTFOLIO"**

10. Denies knowledge or information sufficient to from a belief as to the truth of the allegations in paragraphs 21, 22, 23, 24, 25, and 26, except admits the existence of the patents listed in paragraph 21.

**AS TO "XEROX'S AWARENESS OF THE PATENTS-IN-SUIT"**

11. Denies knowledge or information sufficient to from a belief as to the truth of the allegations in paragraphs 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, and 41, except admits

that Xerox and RAH communicated from time to time and that these communications speak for themselves.

12. Denies the allegations in paragraph 42, except admits that Xerox has not entered into a licensing agreement with plaintiff regarding the patents at issue in this case.

13. Denies the allegations in paragraph 43, 44, 45.

**AS TO "COUNT I: INFRINGEMENT OF U.S. PATENT '870 CLAIM 34"**

14. In response to paragraph 46, repeats its responses as set forth in paragraphs 1 through 13 above as if fully set forth herein.

15. Denies knowledge or information sufficient to from a belief as to the truth of the allegations in paragraph 47, 52, 53, 55, 56, 57, 58, and 60.

16. Admits the allegations in paragraph 48, 52, 53 and 59.

17. Denies the allegations in paragraph 49, except admits that Command Workstation is an option offered with the EFI Fiery print server.

18. Denies the allegations in paragraph 50, except admits that Color Profiler Suite is an option offered with the EFI Fiery print server.

19. Paragraph 51 is definitional, and therefore no response is required. To the extent a response is required, Xerox denies knowledge or information sufficient to from a belief as to the truth of the allegations in paragraph 51.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54, except admits that Xerox Accused Print Servers include a number of RGB and CMYK color profiles that comply with the International Color Consortium specification, including version 4 and a color management system to process those profiles.

21. Denies the allegations in paragraph 49, 50, 61, 62, 63, 65, and 66.

22. Denies the allegations in paragraph 64, but admits that Xerox received a letter dated March 27, 2014 from a law firm representing plaintiff concerning the '870 Patent.

**AS TO "COUNT II: INFRINGEMENT OF U.S. PATENT '870 CLAIM 39"**

23. In response to paragraph 67, repeats its responses as set forth in paragraphs 1 through 22 above as if fully set forth herein.

24. Denies knowledge or information sufficient to from a belief as to the truth of the allegations in paragraph 68.

25. Admits the allegations in paragraphs 69 and 70.

26. Denies the allegations in paragraph 74, but admits that Xerox received a letter dated March 27, 2014 from a law firm representing plaintiff concerning the '870 Patent.

27. Denies the allegations in paragraph 71, 72, 73, 75, and 76.

**AS TO "COUNT III: INFRINGEMENT OF U.S. PATENT '870 CLAIM 43"**

28. In response to paragraph 77, repeats its responses as set forth in paragraphs 1 through 27 above as if fully set forth herein.

29. Denies knowledge or information sufficient to from a belief as to the truth of the allegations in paragraph 78.

30. Denies knowledge or information sufficient to from a belief as to the truth of the allegations in paragraph 79, except admits that a verification module is an option for Color Profiler Suite.

31. Denies the allegations in paragraph 83, but admits that Xerox received a letter dated March 27, 2014 from a law firm representing plaintiff concerning the '870 Patent.

32. Denies the allegations in paragraphs 80, 81, 82, 84, and 85.

**AS TO "COUNT IV: INFRINGEMENT OF U.S. PATENT '008 CLAIM 28"**

33. In response to paragraph 86, repeats its responses as set forth in paragraphs 1 through 32 above as if fully set forth herein.

34. Denies knowledge or information sufficient to from a belief as to the truth of the allegations in paragraph 87, 91, 93, 94, and 95.

35. Admits the allegations in paragraph 88, 92.

36. Denies knowledge or information sufficient to from a belief as to the truth of the allegations in paragraph 89, except admits that Command Workstation is an option for the EX Print Server.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90, except admits that the EX Print Server complies with the International Color Consortium specification, including version 4.

38. Denies the allegations in paragraphs 96, 97, 98, 100, and 101.

39. Denies the allegations in paragraph 99, but admits that Xerox received a letter dated March 27, 2014 from a law firm representing plaintiff concerning the '008 Patent.

**AS TO "COUNT V: INFRINGEMENT OF U.S. PATENT '008 CLAIM 30"**

40. In response to paragraph 102, repeats its responses as set forth in paragraphs 1 through 39 above as if fully set forth herein.

41. Denies knowledge or information sufficient to from a belief as to the truth of the allegations in paragraph 103.

42. Admits the allegations in paragraph 104.

43. Denies knowledge or information sufficient to from a belief as to the truth of the allegations in paragraph 105 and 106.

44. Denies the allegations in paragraph 110, but admits that Xerox received a letter dated March 27, 2014 from a law firm representing plaintiff concerning the ‘008 Patent.

45. Denies the allegations in paragraphs 107, 108, 109, 111 and 112.

**AS TO “COUNT VI: INFRINGEMENT OF U.S. PATENT ‘008 CLAIM 31”**

46. In response to paragraph 113, repeats its responses as set forth in paragraphs 1 through 45 above as if fully set forth herein.

47. Denies knowledge or information sufficient to from a belief as to the truth of the allegations in paragraph 114.

48. Denies knowledge or information sufficient to from a belief as to the truth of the allegations in paragraph 115, except admits that Xerox Accused Print Servers support International Color Consortium version 4 profiles.

49. Denies the allegations in paragraph 119, but admits that Xerox received a letter dated March 27, 2014 from a law firm representing plaintiff concerning the ‘008 Patent.

50. Denies the allegations in paragraphs 116, 117, 118, 120, and 121.

**AS TO “COUNT VII: INFRINGEMENT OF U.S. PATENT ‘008 CLAIM 37”**

51. In response to paragraph 122, repeats its responses as set forth in paragraphs 1 through 50 above as if fully set forth herein.

52. Denies knowledge or information sufficient to from a belief as to the truth of the allegations in paragraph 123.

53. Admits the allegations in paragraph 124.

54. Denies the allegations in paragraphs 125, 126, 127, 129, and 130.

55. Denies the allegations in paragraph 128, but admits that Xerox received a letter dated March 27, 2014 from a law firm representing plaintiff concerning the ‘008 Patent.

**AS TO "COUNT VIII: INFRINGEMENT OF U.S. PATENT '008 CLAIM 39"**

56. In response to paragraph 131, repeats its responses as set forth in paragraphs 1 through 55 above as if fully set forth herein.

57. Denies knowledge or information sufficient to from a belief as to the truth of the allegations in paragraph 132.

58. Denies knowledge or information sufficient to from a belief as to the truth of the allegations in paragraph 133.

59. Denies the allegations in paragraphs 134, 135, 136, 138, and 139.

60. Denies the allegations in paragraph 137, but admits that Xerox received a letter dated March 27, 2014 from a law firm representing plaintiff concerning the '008 Patent.

**AS TO "COUNT IX: INFRINGEMENT OF U.S. PATENT '444 CLAIM 11"**

61. In response to paragraph 140, repeats its responses as set forth in paragraphs 1 through 60 above as if fully set forth herein.

62. Denies knowledge or information sufficient to from a belief as to the truth of the allegations in paragraph 141, 146, and 148.

63. Admits the allegations in paragraphs 142, 144, 145, 147, and 149.

64. Paragraph 143 is definitional, and therefore no response is required. To the extent a response is required, Xerox denies knowledge or information sufficient to from a belief as to the truth of the allegations in paragraph 143.

65. Denies knowledge or information sufficient to from a belief as to the truth of the allegations in paragraph 150, except admits the CX print server has an Ethernet connection, and that FreeFlow core client computers access a server using a conventional web browser.

66. Denies the allegations in paragraphs 151, 152, 153, and 155.

67. Denies the allegations in paragraph 154, but admits that Xerox received a letter dated March 27, 2014 from a law firm representing plaintiff concerning the '444 Patent.

**AS TO "COUNT X: INFRINGEMENT OF U.S. PATENT '444 CLAIM 15"**

68. In response to paragraph 156, repeats its responses as set forth in paragraphs 1 through 67 above as if fully set forth herein.

69. Denies knowledge or information sufficient to from a belief as to the truth of the allegations in paragraph 157 and 159.

70. Admits the allegations in paragraph 158.

71. Denies the allegations in paragraphs 160, 162, 163, and 164.

72. Denies the allegations in paragraph 161, but admits that Xerox received a letter dated March 27, 2014 from a law firm representing plaintiff concerning the '444 Patent.

**AS TO "COUNT XI: INFRINGEMENT OF U.S. PATENT '444 CLAIM 20"**

73. In response to paragraph 165, repeats its responses as set forth in paragraphs 1 through 72 above as if fully set forth herein.

74. Denies knowledge or information sufficient to from a belief as to the truth of the allegations in paragraph 166, 167, and 169.

75. Denies the allegations in paragraphs 168, 170, 171, 172, and 174.

76. Denies the allegations in paragraph 173, but admits that Xerox received a letter dated March 27, 2014 from a law firm representing plaintiff concerning the '444 Patent.

**AS TO "COUNT XII: INFRINGEMENT OF U.S. PATENT '444 CLAIM 41"**

77. In response to paragraph 175, repeats its responses as set forth in paragraphs 1 through 76 above as if fully set forth herein.

78. Denies knowledge or information sufficient to from a belief as to the truth of the allegations in paragraph 176 and 181.

79. Admits the allegations in paragraph 177, and 180.

80. Paragraph 178 is definitional, and therefore no response is required. To the extent a response is required, Xerox denies knowledge or information sufficient to from a belief as to the truth of the allegations in paragraph 178.

81. Denies the allegations in paragraphs 179, 182, 183, and 185.

82. Denies the allegations in paragraph 184, but admits that Xerox received a letter dated March 27, 2014 from a law firm representing plaintiff concerning the ‘444 Patent.

**AS TO “COUNT XIII: INFRINGEMENT OF U.S. PATENT ‘444 CLAIM 42”**

83. In response to paragraph 186, repeats its responses as set forth in paragraphs 1 through 82 above as if fully set forth herein.

84. Denies knowledge or information sufficient to from a belief as to the truth of the allegations in paragraph 187, 188, and 189.

85. Denies the allegations in paragraphs 190 and 192.

86. Denies the allegations in paragraph 191, but admits that Xerox received a letter dated March 27, 2014 from a law firm representing plaintiff concerning the ‘444 Patent.

**AS TO “COUNT XIV: INFRINGEMENT OF U.S. PATENT ‘704 CLAIM 11”**

87. In response to paragraph 193, repeats its responses as set forth in paragraphs 1 through 86 above as if fully set forth herein.

88. Denies knowledge or information sufficient to from a belief as to the truth of the allegations in paragraph 194 and 197.

89. Admits the allegations in paragraph 195.

90. Denies the allegations in paragraphs 196, 198, 199, 200 and 201.

**AS TO "COUNT XV: INFRINGEMENT OF U.S. PATENT '704 CLAIM 12"**

91. In response to paragraph 202, repeats its responses as set forth in paragraphs 1 through 90 above as if fully set forth herein.

92. Denies knowledge or information sufficient to from a belief as to the truth of the allegations in paragraph 203, 205, and 206.

93. Denies the allegations in paragraphs 204, 207, 208 and 209.

**AS TO "COUNT XVI: INFRINGEMENT OF U.S. PATENT '704 CLAIM 17"**

94. In response to paragraph 210, repeats its responses as set forth in paragraphs 1 through 93 above as if fully set forth herein.

95. Denies knowledge or information sufficient to from a belief as to the truth of the allegations in paragraph 211, 216, 217, and 218.

96. Paragraph 212 is definitional, and therefore no response is required. To the extent a response is required, Xerox denies the allegations in paragraph 212.

97. Admits the allegations in paragraph 215.

98. Admits the allegations contained in paragraph 219.

99. Denies the allegations in paragraphs 213, 214, 220, 221, 222, 223, 224, and 225.

**AS TO "COUNT XVII: INFRINGEMENT OF U.S. PATENT '704 CLAIM 18"**

100. In response to paragraph 226, repeats its responses as set forth in paragraphs 1 through 99 above as if fully set forth herein.

101. Denies knowledge or information sufficient to from a belief as to the truth of the allegations in paragraph 227.

102. Denies the allegations in paragraphs 228, 229, 231, 232, 233, 234 and 235.

103. Denies knowledge or information sufficient to from a belief as to the truth of the allegations in paragraph 230.

**AS TO "COUNT XVIII: INFRINGEMENT OF U.S. PATENT '704 CLAIM 20"**

104. In response to paragraph 236, repeats its responses as set forth in paragraphs 1 through 103 above as if fully set forth herein.

105. Denies knowledge or information sufficient to from a belief as to the truth of the allegations in paragraph 237.

106. Denies the allegations in paragraphs 238, 239, 240, 241, 242, and 243.

**AS TO "COUNT XIX: INFRINGEMENT OF U.S. PATENT '704 CLAIM 21"**

107. In response to paragraph 244, repeats its responses as set forth in paragraphs 1 through 106 above as if fully set forth herein.

108. Denies knowledge or information sufficient to from a belief as to the truth of the allegations in paragraph 245.

109. Admits the allegations in paragraph 246.

110. Denies the allegations in paragraphs 247, 248, 249, 250, and 251.

**AS TO "COUNT XX: INFRINGEMENT OF U.S. PATENT '704 CLAIM 29"**

111. In response to paragraph 252, repeats its responses as set forth in paragraphs 1 through 110 above as if fully set forth herein

112. Denies knowledge or information sufficient to from a belief as to the truth of the allegations in paragraph 253 and 257.

113. Denies the allegations in paragraph 254, 256, 258, 259, 260, 263, and 265.

114. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 261, except admits that the FreeFlow printer server includes Integrated Parallel RIP Technology for rendering color images and graphics.

115. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 262, except admits the Versant 2100 includes a full width array photo inline sensor system that has a light source, and that analyzes finished images and corrects any errors in output color and density uniformity by automatically adjusting color values.

116. Denies the allegations in paragraph 264, but admits that Xerox received a letter dated February 26, 2015 from a law firm representing plaintiff concerning the '704 Patent.

**AS TO "COUNT XXI: INFRINGEMENT OF U.S. PATENT '704 CLAIM 30"**

117. In response to paragraph 266, repeats its responses as set forth in paragraphs 1 through 116 above as if fully set forth herein.

118. Denies knowledge or information sufficient to from a belief as to the truth of the allegations in paragraph 267.

119. Admits the allegations in paragraph 268.

120. Denies the allegations in paragraphs 269 and 271.

121. Denies the allegations in paragraph 270, but admits that Xerox received a letter dated February 26, 2015 from a law firm representing plaintiff concerning the '704 Patent.

**AS TO "COUNT XXII: INFRINGEMENT OF U.S. PATENT '704 CLAIM 31"**

122. In response to paragraph 272, repeats its responses as set forth in paragraphs 1 through 121 above as if fully set forth herein.

123. Denies knowledge or information sufficient to from a belief as to the truth of the allegations in paragraph 273.

124. Denies the allegations in paragraphs 274, 275 and 277.

125. Denies the allegations in paragraph 276, but admits that Xerox received a letter dated February 26, 2015 from a law firm representing plaintiff concerning the '704 Patent.

**AS TO "COUNT XXIII: INFRINGEMENT OF U.S. PATENT '704 CLAIM 32"**

126. In response to paragraph 278, repeats its responses as set forth in paragraphs 1 through 125 above as if fully set forth herein.

127. Denies knowledge or information sufficient to from a belief as to the truth of the allegations in paragraph 279.

128. Admits the allegations in paragraph 280.

129. Denies the allegations in paragraph 282, but admits that Xerox received a letter dated February 26, 2015 from a law firm representing plaintiff concerning the '704 Patent.

130. Denies the allegations in paragraphs 281 and 283.

**AS TO "COUNT XXIV: INFRINGEMENT OF U.S. PATENT '704 CLAIM 34"**

131. In response to paragraph 284, repeats its responses as set forth in paragraphs 1 through 130 above as if fully set forth herein.

132. Denies knowledge or information sufficient to from a belief as to the truth of the allegations in paragraph 285.

133. Admits the allegations in paragraph 286.

134. Denies the allegations in paragraphs 287, 288 and 290.

135. Denies the allegations in paragraph 289, but admits that Xerox received a letter dated February 26, 2015 from a law firm representing plaintiff concerning the '704 Patent.

**AS TO "COUNT XXV: INFRINGEMENT OF U.S. PATENT '704 CLAIM 35"**

136. In response to paragraph 291, repeats its responses as set forth in paragraphs 1 through 135 above as if fully set forth herein.

137. Denies knowledge or information sufficient to from a belief as to the truth of the allegations in paragraph 292.

138. Admits the allegations in paragraph 293.

139. Denies the allegations in paragraphs 294 and 296.

140. Denies the allegations in paragraph 295, but admits that Xerox received a letter dated February 26, 2015 from a law firm representing plaintiff concerning the ‘704 Patent.

**AS TO “COUNT XXVI: INFRINGEMENT OF U.S. PATENT ‘357 CLAIM 8”**

141. In response to paragraph 297, repeats its responses as set forth in paragraphs 1 through 140 above as if fully set forth herein.

142. Denies knowledge or information sufficient to from a belief as to the truth of the allegations in paragraph 298, 300, 201, 303, and 304.

143. Paragraph 299 is definitional, and therefore no response is required. To the extent a response is required, Xerox denies knowledge or information sufficient to from a belief as to the truth of the allegations in paragraph 299.

144. Admits the allegations in paragraph 302.

145. Denies the allegations in paragraphs 305, 306, 307, 308, and 309.

**AS TO “COUNT XXVII: INFRINGEMENT OF U.S. PATENT ‘357 CLAIM 10”**

146. In response to paragraph 310, repeats its responses as set forth in paragraphs 1 through 145 above as if fully set forth herein.

147. Denies knowledge or information sufficient to from a belief as to the truth of the allegations in paragraph 311 and 312.

148. Denies the allegations in paragraphs 313, 314, 315, and 316.

**AS TO "COUNT XXVIII: INFRINGEMENT OF U.S. PATENT '357 CLAIM 13"**

149. In response to paragraph 317, repeats its responses as set forth in paragraphs 1 through 148 above as if fully set forth herein.

150. Denies knowledge or information sufficient to from a belief as to the truth of the allegations in paragraph 318.

151. Denies the allegations in paragraphs 319, 320, 321, 322, and 323.

**AS TO "COUNT XXXIX [*sic*]: INFRINGEMENT OF U.S. PATENT '357 CLAIM 26"**

152. In response to paragraph 324, repeats its responses as set forth in paragraphs 1 through 151 above as if fully set forth herein.

153. Denies knowledge or information sufficient to from a belief as to the truth of the allegations in paragraph 325, 326, 327, and 328.

154. Denies the allegations in paragraphs 329, 330, 331, and 332.

**AS TO "COUNT XXX: INFRINGEMENT OF U.S. PATENT '909 CLAIM 36"**

155. In response to paragraph 333, repeats its responses as set forth in paragraphs 1 through 154 above as if fully set forth herein.

156. Denies knowledge or information sufficient to from a belief as to the truth of the allegations in paragraph 334 and 337.

157. Admits the allegations in paragraph 335 and 336.

158. Denies the allegations in paragraphs 338, 339, 340, 341, and 343.

159. Denies the allegations in paragraph 342, but admits that Xerox received a letter dated November 12, 2001 from a law firm representing Dr. Richard A. Holub concerning the '909 Patent.

**AS TO "COUNT XXXI: INFRINGEMENT OF U.S. PATENT '909 CLAIM 37"**

160. In response to paragraph 344, repeats its responses as set forth in paragraphs 1 through 159 above as if fully set forth herein.

161. Denies knowledge or information sufficient to from a belief as to the truth of the allegations in paragraph 345.

162. Denies the allegations in paragraphs 346, 347, 348, 349, and 351.

163. Denies the allegations in paragraph 350, but admits that Xerox received a letter dated November 12, 2001 from a law firm representing Dr. Richard A. Holub concerning the '909 Patent.

**AS TO "COUNT XXXII: INFRINGEMENT OF U.S. PATENT '909 CLAIM 38"**

164. In response to paragraph 352, repeats its responses as set forth in paragraphs 1 through 163 above as if fully set forth herein.

165. Denies knowledge or information sufficient to from a belief as to the truth of the allegations in paragraph 353.

166. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 354, except admits that ACQS verifies the accuracy of ICC profiles by providing color patches that are printed having values corresponding to known reference values, measuring the color patches, and determining if the measured color deviates from the reference color value, with any deviations reflecting color error data.

167. Denies the allegations in paragraphs 355, 356, 357, and 359.

168. Denies the allegations in paragraph 358, but admits that Xerox received a letter dated November 12, 2001 from a law firm representing Dr. Richard A. Holub concerning the '909 Patent.

**AS TO "COUNT XXXIII: INFRINGEMENT OF U.S. PATENT '251 CLAIM 9"**

169. In response to paragraph 360, repeats its responses as set forth in paragraphs 1 through 168 above as if fully set forth herein.

170. Denies knowledge or information sufficient to from a belief as to the truth of the allegations in paragraph 361, 365, 366, 367, and 369..

171. Paragraph 362 is definitional, and therefore no response is required. To the extent a response is required, Xerox denies knowledge or information sufficient to from a belief as to the truth of the allegations in paragraph 362.

172. Admits the allegations in paragraph 363.

173. Denies the allegations in paragraph 364.

174. Denies the allegations in paragraph 368, but admits that Xerox received a letter dated February 26, 2015 from a law firm representing plaintiff concerning the '251 Patent.

**AS TO "COUNT XXXIV: INFRINGEMENT OF U.S. PATENT '251 CLAIM 19"**

175. In response to paragraph 370, repeats its responses as set forth in paragraphs 1 through 174 above as if fully set forth herein.

176. Denies knowledge or information sufficient to from a belief as to the truth of the allegations in paragraph 371 and 373.

177. Admits the allegations in paragraph 372.

178. Denies the allegations in paragraphs 374, 375, 376, and 378.

179. Denies the allegations in paragraph 377, but admits that Xerox received a letter dated February 26, 2015 from a law firm representing plaintiff concerning the '251 Patent.

**AS TO "COUNT XXXV: INFRINGEMENT OF U.S. PATENT '251 CLAIM 20"**

180. In response to paragraph 379, repeats its responses as set forth in paragraphs 1 through 179 above as if fully set forth herein.

181. Denies knowledge or information sufficient to from a belief as to the truth of the allegations in paragraph 380.

182. Admits the allegations in paragraph 381 and 382.

183. Denies the allegations in paragraphs 383, 384, 385, and 387.

184. Denies the allegations in paragraph 386, but admits that Xerox received a letter dated February 26, 2015 from a law firm representing plaintiff concerning the ‘251 Patent.

**AS TO "COUNT XXXVI: INFRINGEMENT OF U.S. PATENT ‘251 CLAIM 21"**

185. In response to paragraph 388, repeats its responses as set forth in paragraphs 1 through 184 above as if fully set forth herein.

186. Denies knowledge or information sufficient to from a belief as to the truth of the allegations in paragraph 389 and 391.

187. Denies knowledge or information sufficient to from a belief as to the truth of the allegations in paragraph 390, except admits that MatchAssure creates color profiles by collecting color measurements.

188. Denies the allegations in paragraphs 392, 393, 394, and 396.

189. Denies the allegations in paragraph 395, but admits that Xerox received a letter dated February 26, 2015 from a law firm representing plaintiff concerning the ‘251 Patent.

**AS TO "COUNT XXXVII: INFRINGEMENT OF U.S. PATENT ‘897 CLAIM 61"**

190. In response to paragraph 397, repeats its responses as set forth in paragraphs 1 through 189 above as if fully set forth herein.

191. Denies knowledge or information sufficient to from a belief as to the truth of the allegations in paragraph 398.

192. Paragraph 399 is definitional, and therefore no response is required. To the extent a response is required, Xerox the allegations in paragraph 399.

193. Admits the allegations in paragraph 400.

194. Denies knowledge or information sufficient to from a belief as to the truth of the allegations in paragraph 401, except admits that the graphical user interface of IntegratedPlus allows a user to determine if a connected color printer/press requires calibration and allows a user to create a color profile which controls color transformation.

195. Denies knowledge or information sufficient to from a belief as to the truth of the allegations in paragraph 402, except admits that IntegratedPlus included a data analysis component that verifies whether colors fall within a user's predefined specifications by printing target sheets for measurement and comparison to the predefined specification.

196. Denies the allegations in paragraphs 403 and 405.

197. Denies the allegations in paragraph 404, but admits that Xerox received a letter dated February 26, 2015 from a law firm representing plaintiff concerning the '897 Patent.

**AS TO "WILLFUL INFRINGEMENT"**

198. Denies the allegations in paragraphs 406, 407 and 408.

**AS TO "PRAYER FOR RELIEF"**

199. Plaintiff's prayer for relief does not state factual allegations, and thus no response is required. Xerox denies that plaintiff is entitled to relief.

200. Denies each and every allegation not specifically addressed in paragraphs 1-199, above.

**FIRST AFFIRMATIVE DEFENSE**

201. Plaintiff's first amended complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

202. The claims of the '909 Patent, '870 Patent, '251 Patent, '897 Patent, '008 Patent, '444 Patent, '357 Patent, and '704 Patent asserted by plaintiff in the first amended complaint, properly construed, are invalid, void, or unenforceable for failure to comply with one or more requirements of Title 35 of the U.S. Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112.

**THIRD AFFIRMATIVE DEFENSE**

203. Xerox has not infringed, and currently does not infringe, the claims of the '909 Patent, '870 Patent, '251 Patent, '897 Patent, '008 Patent, '444 Patent, '357 Patent, and '704 Patent asserted by plaintiff in the first amended complaint directly, indirectly, contributorily, by inducement, under the doctrine of equivalents, or in any other manner.

**FOURTH AFFIRMATIVE DEFENSE**

204. Xerox has not willfully infringed and is not willfully infringing the claims of the '909 Patent, '870 Patent, '251 Patent, '897 Patent, '008 Patent, '444 Patent, '357 Patent and '704 Patent asserted by plaintiff in the first amended complaint.

**FIFTH AFFIRMATIVE DEFENSE**

**205.** Upon information and belief, plaintiff's claims are barred in whole or in part by the doctrines of patent exhaustion, express license based on prior licenses to the '909 Patent, '870 Patent, '251 Patent, '897 Patent, '008 Patent, '444 Patent, '357 Patent and '704 Patents granted by plaintiff to third parties, and/or implied license.

**SIXTH AFFIRMATIVE DEFENSE**

206. Upon information and belief, plaintiff is barred by the doctrines of prosecution history estoppel, judicial estoppel and prosecution disclaimer from maintaining that Xerox infringes any valid claim of the '909 Patent, '870 Patent, '251 Patent, '897 Patent, '008 Patent, '444 Patent, '357 Patent and '704 Patent asserted by plaintiff in the first amended complaint.

**SEVENTH AFFIRMATIVE DEFENSE**

207. The Northern District of Illinois is an inconvenient venue, and venue should be transferred to a more convenient venue pursuant to 28 U.S.C. § 1404(a).

**EIGHTH AFFIRMATIVE DEFENSE**

208. Xerox lacked and lacks specific intent to induce third parties, including its customers, to infringe any valid claim of the '909 Patent, '870 Patent, '251 Patent, '897 Patent, '008 Patent, '444 Patent, '357 Patent, and '704 Patent asserted by plaintiff in the first amended complaint.

**NINTH AFFIRMATIVE DEFENSE**

209. Plaintiff's available remedies are limited by the statute of limitations set forth in 35 U.S.C. § 286.

**TENTH AFFIRMATIVE DEFENSE**

210. Plaintiff is barred from recovering its costs pursuant to 35 U.S.C. § 288.

**ELEVENTH AFFIRMATIVE DEFENSE**

211. Plaintiff's case is not exceptional and therefore it is not entitled to attorney's fees pursuant to 35 U.S.C. § 285.

## TWELFTH AFFIRMATIVE DEFENSE

212. Plaintiff's damages, to the extent any exist, were caused in whole or in part by third-parties not joined in this case.

## THIRTEENTH AFFIRMATIVE DEFENSE

213. Upon information and belief, plaintiff's claims are barred, in whole or in part, for failure to comply with 35 U.S.C. § 287.

## FOURTEENTH AFFIRMATIVE DEFENSE

214. Xerox reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States and any other defenses, at law or in equity, which may now exist or in the future be available based on discovery and further factual investigation in this case.

## JURY DEMAND

215. Xerox Corporation demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Xerox requests entry of judgment in its favor against plaintiff as follows:

A. Denying all claims for relief set forth in the first amended complaint and entering judgment in favor of Xerox and against plaintiff on all claims;

B. Finding that this is an exceptional case under 35 U.S.C. § 285 and awarding Xerox its attorneys' fees incurred herein;

C. Awarding Xerox its costs of suit;

D. Granting Xerox such additional relief as the Court deems appropriate.

Dated: March 16, 2018

Respectfully submitted,

WARD GREENBERG HELLER & REIDY LLP

s/ Eric J. Ward
Eric J. Ward (*Admitted Pro Hac Vice*)
1800 Bausch & Lomb Place
Rochester, New York 14604
(585) 454-0700
eward@wardgreenberg.com

QUINN EMANUEL URQUHART & SULLIVAN, LLP

David Eiseman (*Admitted Pro Hac Vice*)
50 California Street 22nd Floor
San Francisco , CA 94111
(415) 875-6600
davideiseman@quinnemanuel.com

Michelle Schmit
500 W Madison St.
Room 2450
Chicago , IL 60661
(312) 705-7400
michelleschmit@quinnemanuel.com

*Attorneys for Defendant*